1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8  SHAUN ROSIERE,                          )
                                           )
9              Plaintiff,                  )      Case No. 2:15-cv-02187-APG-GWF
                                           )
10  vs.                                    )      **ORDER**
                                           )
11  UNITED STATES OF AMERICA,              )      Application to Proceed *in Forma*
                                           )      *Pauperis* (#1) and Screening of
12             Defendants.                 )      Complaint (#1-1)
    _____)
13

14        This matter comes before the Court on Plaintiff's Application to Proceed *in Forma*

15  *Pauperis* (#1), filed on November 16, 2015.  Also before the Court is Plaintiff's Amended

16  Application to Proceed *in Forma Pauperis* (#3), filed on January 13, 2016.

17                              **BACKGROUND**

18        Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

19  Plaintiff asserts that he requested information from the Department of Justice ("DOJ") relating to

20  two criminal cases "as well as other unrelated requested document matters in the control of DOJ

21  progenies." *Complaint (#1-1), pg. 1, ¶ 1.*  Plaintiff claims that the DOJ failed to produce the

22  documents or otherwise respond within the twenty-day statutory time period. *Id.* at ¶ *2–3.*  Plaintiff

23  now seeks an order from the Court compelling the DOJ to conduct a search for responsive records

24  and, if applicable, to produce the requested information.

25                              **DISCUSSION**

26  I.    **Application to Proceed In Forma Pauperis**

27        Plaintiff filed this instant action and attached a financial affidavit to his application and

28  complaint as required by 28 U.S.C. § 1915(a).  Reviewing Mr. Rosiere's financial affidavit

pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.    Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp*., 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See*

1    *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

2    All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

3    prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

4    conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims

5    of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

6    factual allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319,

7    327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

8    **III.    Instant Complaint**

9    As an initial matter, in order for the United States, as a sovereign, to be subject to suit it has

10   to waive its immunity.  *See Baiser v. Dep't of Justice, Office of United States Trustee*, 327 F.3d

11   903, 907 (9th Cir. 2003).  Sovereign immunity bars a court from exercising subject matter

12   jurisdiction over a particular claim if the United States has not consented to be sued on that claim.

13   *Id.*  FOIA is a part of the Administrative Procedure Act ("APA").  *See United States DOJ v.*

14   *Reporters Comm. For Freedom of Press*, 489 U.S. 749, 754 (1989).  The APA waives federal

15   sovereign immunity in certain circumstances to allow equitable relief from agency action or

16   inaction.  *See Heckler v. Chaney*, 470 U.S. 821, 828–29 (1985).  However, the APA's waiver is

17   limited and does not extend to claims for monetary damages or to claims prohibited by another

18   statute.  *See Western Shoshone Nat. Council v. United States*, 408 F.Supp.2d 1040, 1048 (D.Nev.

19   2005) (citing *Tuscon Airport Auth'y v. Gen'l Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998).

20   Additionally, "judicial review under the APA is limited to either review specifically authorized in a

21   substantive statute, or 'final agency action for which there is no other adequate remedy in a court.'"

22   *Id.* (citing 5 U.S.C. § 704).

23   FOIA "requires every [federal executive-branch] agency 'upon any request for records

24   which . . . reasonably describes such records' to make such records 'promptly available to any

25   person'."  *Reporters Comm. For Freedom of Press,* 489 U.S. at 754.  "Where a citizen has made a

26   request for information under FOIA, and the agency has refused in whole or in part to produce

27   responsive materials, the act authorizes the citizen to bring suit in federal court challenging the

28   agency's refusal to disclose documents to the requester."  *Nat. Resources Defense Council v. United*

*States Dep't of Defense*, 388 F.Supp.2d 1086, 1094 (C.D.Cal.2005) (citing 5 U.S.C. § 552(a)(4)(B)).  "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo'." *Reporters Comm. for Freedom of Press*, 489 U.S. at 755 (quoting 5 U.S.C. § 552(a)(4)(B)).

To state a claim under FOIA, a plaintiff must allege that: (1) he made a written request for the records, 5 U.S.C. § 552(a)(3)(A), (2) the requested records were created or obtained by a federal agency, and (3) the agency denied the request and any subsequent administrative appeal, or failed to comply by providing the agency records within the twenty-day statutory time period.  *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986); 5 U.S.C. § 552(a)(6)(C).  The twenty-day time period begins to run upon the agency's receipt of the request.  5 U.S.C. § 552(a)(6)(A)(i).

Construing Plaintiff's allegations in the light most favorable, Plaintiff has adequately stated a claim under FOIA.  Plaintiff alleges that the Department of Justice ("DOJ") is in possession of public documents related to two criminal cases.  He asserts that "[t]he documents requested by Mr. Rosiere are held in the prosecutor's files; case files; National Archives on and for the DOJ; or elsewhere as a DOJ progeny."  *Complaint (#1-1), pg. 1, ¶ 1.*  Plaintiff indicates that he made two formal written requests to the DOJ in an effort to obtain the records relating to his criminal cases.[1]  *Id.* at ¶ 2.  Finally, Plaintiff alleges that the DOJ failed to produce any documents or otherwise respond to his requests.  *Id.* at ¶ 2–3.  Therefore, accepting the allegations in the complaint as true, the Court finds that Plaintiff has sufficiently pled a FOIA claim.  Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) and Amended Application to Proceed *in Forma Pauperis* (#3) are **granted**.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of

---

[1]  Plaintiff also attached his FOIA requests to his complaint as Exhibits 1 through 15.

4

security therefor.  This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #43651-048), in the months that the account exceeds $10.00, until the full $350.00 filing fee, plus the $50 administrative fee, have been paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendant named in the complaint and deliver the summons to the U.S. Marshal for service.  The Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada  89101.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety (90) days from the date that the complaint was filed.  Plaintiff is advised that in order to properly serve the United States, he must deliver a copy of the summons and complaint to the United States attorney for the District of Nevada and send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.  *See* Fed. R. Civ. P. 4(i).

. . .

. . .

1    **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendant, or its

2    attorney if it has retained one, a copy of every pleading, motion, or other document submitted for

3    consideration by the court.  Plaintiff shall include with the original paper submitted for filing a

4    certificate stating the date that a true and correct copy of the document was mailed to Defendant or

5    its counsel.  The Court may disregard any paper received by a district judge, magistrate judge, or

6    the Clerk which fails to include a certificate of service.

7    DATED this 13th day of April, 2016.

8

9    _____

10   GEORGE FOLEY, JR.
     UNITED STATES MAGISTRATE JUDGE

6