# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHAUN ROSIERE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:15-cv-02187-APG-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant's Motion to Stay Proceedings Pending Ruling on Motion to Dismiss (ECF No. 26), filed on October 3, 2016. Plaintiff filed a one page Response (ECF No. 30) on October 12, 2016, in which Plaintiff informed the Court that he intended to file a brief in response to Defendant's Motion to Stay. Defendant filed its Reply (ECF No. 32) on October 14, 2016. Plaintiff filed his Surreply (ECF No. 35) on October 17, 2016.

## BACKGROUND

Plaintiff filed his Complaint (ECF No. 7) alleging Defendant violated the Freedom of Information Act ("FOIA") by failing to produce requested documents related to criminal proceedings. *See Complaint* (ECF No. 7). Defendant filed its Motion to Dismiss (ECF No. 16) on August 12, 2016 and it is currently pending before the Court. Defendant's Motion to Dismiss seeks dismissal on the grounds that Plaintiff's FOIA action is malicious pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B)(I). Defendant argues that Plaintiff's action should be dismissed as malicious because he filed eight cases involving FOIA requests in six federal districts in around a six month period of time. *See Motion to Dismiss* (ECF No. 16), pg. 3.

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); *see also Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983) ("Every court has the inherent power to stay causes on its docket with a view to avoiding duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel"); *see also Harris v. Parisian*, 2007 WL 1140657, at *2 (D. Mont. Apr. 16, 2007) (stating that the Court was persuaded to exercise its inherent power to control the disposition of its docket and to stay the case). When reviewing a stay of proceedings order, the Ninth Circuit balances the length of the stay against the strength of the justification given for it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

Defendant requests a stay of the proceedings pending a ruling on its Motion to Dismiss, "including as to any obligation of the United States to substantively respond to the combined motion to compel and motion for summary judgment (ECF Nos. 21, 23), as well as the subpoena purportedly directed to undersigned counsel (ECF No. 25)." *See Motion to Stay* (ECF No. 26), pg. 1-2. Defendant argues that Plaintiff's action is an effort to waste the resources of government personnel through duplicative litigation. *Id.* at pg. 5. Plaintiff presents no substantive argument in opposition to Defendant's Motion to Stay and does not indicate that he will be prejudiced by the issuance of a stay.[1] Based upon the reasonable likelihood that Defendant's Motion to Dismiss will be granted, the length of the stay, and the Court's inherent authority to control its docket, the Court is persuaded that a stay of the proceedings is warranted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay Proceedings Pending Ruling on Motion to Dismiss (ECF No. 26) is **granted**. Upon the ruling of Defendant's Motion to Dismiss (ECF No. 16), the stay will be lifted.

DATED this 27th day of October, 2016.

GEORGE FOLEY, JR.
United States Magistrate Judge

---

[1] Plaintiff filed two Motions to Stay (ECF No. 40, 41) on October 25, 2016, pending a ruling on his Motion for Summary Judgment and his allegations of violations of the Nevada Rules of Professional Conduct.