# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAUN ROSIERE,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendants.

Case No. 2:15-cv-02187-APG-GWF

**ORDER**

       This matter is before the Court on Plaintiff's Motion to Stay (ECF No. 40), filed on October 25, 2016. Also before the Court is Plaintiff's Motion to Stay Pending a Ruling on Motion for Summary Judgment (ECF No. 41), filed on October 25, 2016.

       "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936); *see also Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983) ("Every court has the inherent power to stay causes on its docket with a view to avoiding duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel"). When reviewing a stay of proceedings order, the Ninth Circuit balances the length of the stay against the strength of the justification given for it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

       Plaintiff requests a stay of the proceedings until the Court addresses his allegations of violations of the Nevada Rules of Professional Conduct. *See Motion to Stay*, (ECF No. 40), pg. 1. The Court does not find that Plaintiff provided sufficient justification to stay the proceedings. The Court therefore denies Plaintiff's Motion to Stay (ECF No. 40) the proceedings pending his allegations of violations of the Nevada Rules of Professional Conduct.

       The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. V. City of*

*L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Id.*

Plaintiff requests a stay pending a ruling on his Motion for Summary Judgment. *See Motion to Stay*, (ECF No. 41), pg. 1. Plaintiff argues that the Court should grant his motion due to Defendant's failure to file a response to his Motion for Summary Judgment. *Id.* After conducting its "preliminary peek" of Plaintiff's Motion for Summary Judgment, the Court is not convinced that there is a reasonable likelihood that it will be granted. The Court has already granted Defendant's Motion to Stay pending a ruling on its Motion to Dismiss. *See* ECF No. 42. Therefore, it is not necessary to issue a stay pending a ruling on Plaintiff's Motion for Summary Judgment. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (ECF No. 40) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Pending a Ruling on Motion for Summary Judgment (ECF No. 41) is **denied**.

DATED this 1st day of December, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge