UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHAUN ROSIERE, | Case No. 2:15-cv-02187-APG-GWF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| UNITED STATES OF AMERICA, | (ECF Nos. 16, 21, 31, 44-50) |
| Defendant. | |

The United States has filed a motion to dismiss this lawsuit. ECF No. 16. Plaintiff Shaun Rosiere did not file an opposition. "The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." Local Rule 7-2(d). Thus, dismissal under the Local Rule would be appropriate. Rosiere filed a "motion for a more definite statement(s) (sic)" (ECF No. 18) that somewhat relates to the United States' motion to dismiss. I previously denied Rosiere's motion for a more definite statement. ECF No. 24. Out of an abundance of caution, and to the extent that Rosiere's motion could be considered a response to the United States' motion to dismiss, I will consider it in ruling on the motion to dismiss.

Rosiere has filed several lawsuits in various federal courts about identical (or nearly identical) requests under the Freedom of Information Act. Almost all of the FOIA requests relate to two criminal cases against Rosiere in the District of New Jersey, a civil forfeiture case in the District of Colorado involving Rosiere and corporations apparently affiliated with him, and Rosiere's incarceration in Colorado. Over the span of approximately six months, Rosiere filed eight cases involving these FOIA requests in six federal districts. ECF No. 16-10.[1]

---

[1] I take judicial notice of the complaints Rosiere filed in the other federal districts. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

The United States contends that Rosiere's commencement of identical and duplicative litigation in multiple federal courts qualifies the cases as "malicious" actions under 28 U.S.C. § 1915(e)(2)(B)(i). A federal judge in the District of Colorado agreed, and the United States Court of Appeals for the Tenth Circuit affirmed that finding. ECF Nos. 16-6, 16-7. I agree as well. Rosiere's numerous and duplicative court filings and FOIA requests indicate a subjective motivation to harass the United States, and are plainly abusive of the judicial process. This lawsuit, covering the same FOIA requests, is frivolous and malicious, warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). Leave to amend would be futile, so this dismissal is with prejudice.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.

IT IS THEREFORE ORDERED that the United States' motion to dismiss **(ECF No. 16) is GRANTED.** The other pending motions **(ECF Nos. 21, 31, 44-50) are DENIED AS MOOT**. This case is dismissed with prejudice. The clerk of court shall enter judgment accordingly and close the file.

IT IS FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.

DATED this 3rd day of January, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE